[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Defendant's Motion for SummaryJudgment
The defendant executor of the estate has filed a motion for summary judgment. The decedent died testate in January 1996 and the will was accepted by probate. The present executor was appointed by Probate Court.
The plaintiff in this action is the decedent's daughter and she was excluded from the will. The plaintiff then brought this action against the estate claiming various acts of sexual abuse by the decedent occurring between 1965 and 1981. The plaintiff relies on § 52-577 (d) of the general statutes to avoid the normally operative statute of limitations of two years from the date of the alleged incident. Section 52-577 (d) provides that an action may be brought within seventeen years from the date a CT Page 4826 person who alleges such abuse reaches the age of majority.
The defendant executor has moved for summary judgment claiming the allowance of this action and application of § 52-577
(d) so as to permit suits of this type subsequent to the death of the wrongdoer is violative of the decedent's right to due process of law, and equal protection of the law. The claims is also made that the plaintiff fails to state a cause of action because an action such as this cannot be brought subsequent to the death of the decedent pursuant to § 52-599 of the general statutes.
The due process arguments raised now by the defendant and the argument made pursuant to § 52-599 were made in a motion to strike. Judge Skolnick wrote a lengthy, well reasoned decision denying the motion and rejecting the arguments advanced under these two theories. The court will not reexamine these issues and adopts the position taken by Judge Skolnick.
The defendant has raised a separate claim, however, in this motion not advanced before — the argument is made that application of § 52-577 (d) to the defendant would violate the decedent's right to equal protection of the law. Giordano v. Giordano,39 Conn. Sup. 183 (1995) discussed and rejected an equal protection challenge to the statute. But the defendant argues here that its challenge based upon the equal protection clause is different than that made in Giordano because here the alleged wrongdoer is deceased and cannot defend himself against the accusations unlike the defendant in Giordano. In effect, the defendant argues this creates a special class of plaintiffs who not only enjoy a considerably longer statute of limitations than any other class of injured parties but does so even when the alleged wrongdoer is deceased and the action is against the estate of the deceased.
The other side of the argument is that given the same circumstances — a longer period of limitations and death of the alleged tortfeasor — it would violate equal protection to subject this sexual abuse decedent's estate to a longer period of limitations than other civil defendants even if that were to be considered permissible in a situation where the defendant was not deceased.
Giordano held that the extended statute of limitations provided by § 52-577 (d) does afford inherently disparate treatment to both plaintiffs and defendants in these types of actions compared with plaintiffs and defendants in other civil CT Page 4827 actions but then went on to hold that such a result bears a sufficiently rational relationship to a legitimate state interest and is sufficiently based on reasons related to the accomplishments of that goal to withstand constitutional scrutiny," 39 Conn. App. At pages 192-193.
The general rule as stated in State v. Campbell,224 Conn. 168, 186 (1992) is that "social and economic legislation will generally be held to violate the equal protection clause only if the classification drawn by the statute is not rationally related to a legitimate state interest." Obviously, the state's interest in affording protection to this category of abused individuals is no less merely because the alleged wrongdoer happens to be deceased. But the defendant points out that the general rule set forth in Campbell gives way if a state law affects fundamental rights guaranteed by the constitution or invidiously discriminates against a suspect class. The only claim here is that a fundamental right is effected by § 52-577 (d) and it is an attempt to deprive the defendant of its right to property. Statev. Campbell, 224 Conn. 168, 186 (1952). Where the law affects a fundamental right it passes muster only if it is "Narrowly tailored to serve a compelling state interest", id. P. 186. Strict scrutiny is then the appropriate standard under which to review the classification.
Giordano itself of course involved a claim for money damages and that fact considered alone did not translate for the court into a claim of deprivation of a fundamental right requiring a strict scrutiny standard. The fundamentals right is not the right to property as such but the right not to be deprived of property without due process, otherwise every state statute affecting property interest would have to be subjected to a strict scrutiny analysis. The equal protection clause as such does not create substantive rights. But even if a "fundamental right" analysis is applied and a strict scrutiny standard is used requiring that a statute must be narrowly tailored to serve a compelling state interest, Section 52-577 (d) does not violate equal protection. There is a compelling state interest involved and the state has as much interest in affording remedies protecting that interest to claimants whose alleged abusers are alive at the time of suit as those that are dead.
As far as a claim that there is a disparate treatment of defendants where the suit is against a defendant's estate as opposed to one against a living defendant — that is not a CT Page 4828 situation or difficulty presented which is unique to this statute. Whenever a decedent's estate is sued in tort or for any other cause of action, the estate might have some difficulty because of the fact that the deceased can no longer participate in the defense. In other words, the statute itself here, on its face or in practice, does not treat persons standing in the same relationship to it differently. Franklin v. Berger,211 Conn. 591, 596 (1989). The difficulties presented are only those common to all defendant estates required to defend suits.
The point is that the state still has the same compelling interest in allowing a remedy to sexually abused plaintiffs whether the object of their complaint is alive or dead. In any event, this court will not hold that a statute such as § 52-477
(d) is facially violative of equal protection where the claim is in reality actually based on the problems a particular litigant might have in mounting a defense and not on the difficulties presented to a whole class of defendants similarly situated.
What if a defendant is mentally incompetent at the time of suit? What if a deceased estate can mount an effective fact defense based on access to medical records or numerous favorable witnesses that a living defendant may not have? Thus, Section52-577 (d) is as narrowly drawn as it could be possibly drawn to protect the compelling state interest which a statute like § 52-577 (d) is meant to advance.
The defendant estate might in this case very well have difficulties defending its interests which would not exist if there had been no death, but because of the death, the plaintiff might also have difficulty advancing her claim under the common law rules of evidence and in making use of discovery under our Practice Book. The state has not skewered these rules for the advantage of this particular class of defendants so there is no violation of equal protection.
The motion for summary judgment is denied.
Corradino, J.